IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tessie Theressa Casey, ) | Civil Action No. 8:11-1432 |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Plastic Omnium Auto Exterior LLC, ) et al., ) | |
| Defendants. ) | |

      This matter is before the court on the motion to dismiss (doc. 36) of defendants Karen Beasley and David Hunter, the motion to dismiss (doc. 53) of the plaintiff, and the motion to stay scheduling order (doc. 45) of defendants Beasley, Hunter, and Plastic Omnium Auto Exteriors, LLC ("Plastic Omnium"). In her amended complaint, the *pro se* plaintiff alleges that her former employer, Plastic Omnium, discriminated against her in violation of the Americans with Disabilities Act ("ADA"). She also named four individuals as defendants: Beasley, Hunter, Greg Lewis, and Rick Wallace (collectively, the "individual defendants").

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      On September 7, 2011, defendants Beasley and Hunter filed a motion to dismiss for failure to state a claim and lack of jurisdiction. By order filed on September 9, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to adequately respond to the motion. On October 12, 2011, the plaintiff filed a "motion to

drop" Lewis, Wallace, Hunter, and Beasley as defendants. The defendants do not oppose that motion (doc. 58).

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may dismiss an action against a defendant without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Such a dismissal is without prejudice. *See* Fed.R.Civ.P. 41(a)(1)(B). Defendants Lewis and Wallace have not yet been served with the summons and complaint and have not appeared in the case (*see* docs. 41, 44). Based upon the foregoing, the Clerk of Court is directed to construe the plaintiff's "motion to drop" as a notice of dismissal under Rule 41(a)(1)(A) as to defendants Lewis and Wallace. With regard to defendants Beasley and Hunter, this court recommends that the plaintiff's motion to dismiss (doc. 53) be granted pursuant to Rule 41(a)(2).[1]

On September 20, 2011, defendants Beasley, Hunter, and Plastic Omnium filed a motion to stay the scheduling order deadlines. Specifically, the defendants contend that conducting the Rule 26(f) requirements, beginning discovery, and attempting to meet the current deadlines in the scheduling order would be premature due to the pending motion to dismiss. The defendants note that dismissal of the claims against the individual defendants would affect how the parties approach the Rule 26(f) requirements, as well as discovery. As discussed above, this court recommends that the plaintiff's motion to dismiss the individual defendants be granted. While this court finds that a stay of the scheduling order deadlines is not required, an extension of the deadlines is appropriate. Accordingly,

---

[1] The rule provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed.R.Civ.P. 41(a)(2). Here, defendant Plastic Omnium has pleaded counterclaims (*see* doc. 31), but the individual defendants have not.

the defendants' motion to stay (doc. 45) is denied; however, the undersigned will enter an amended scheduling order extending the deadlines by 30 days.

Wherefore, based upon the foregoing,

The Clerk of Court is directed to construe the plaintiff's "motion to drop" as a notice of dismissal under Rule 41(a)(1)(A) as to defendants Lewis and Wallace.

Furthermore,

IT IS ORDERED that the defendants' motion to stay (doc. 45) is denied, and an amended scheduling order will be entered herewith, and

IT IS RECOMMENDED that the plaintiff's motion to dismiss (doc. 53) be granted pursuant to Rule 41(a)(2) as to defendants Beasley and Hunter. Should the district court adopt this court's recommendation, the motion to dismiss of defendants Beasley and Hunter (doc. 36) will be rendered moot.

October 24, 2011                                              s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge