IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tessie Theressa Casey, ) | |
| ) | C.A. No. 8:11-1432-HMH-KFM |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Plastic Omnium Auto Exterior, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Tessie Theressa Casey ("Casey") alleges that the Defendant violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Defendant Plastic Omnium Auto Exterior, LLC ("Plastic Omnium") filed a motion for summary judgment on June 1, 2012. Magistrate Judge McDonald recommends granting Plastic Omnium's motion for summary judgment. After review, the court adopts the magistrate judge's Report and Recommendation and grants Plastic Omnium's motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Casey began her employment with Plastic Omnium on December 6, 1999. (Am. Compl. 2, ECF No. 21.) During her time with Plastic Omnium, Casey worked in multiple departments and capacities, including the assembly department and service department. (Id. at 2-4.)

Casey's employment with Plastic Omnium continued without interruption until July 20, 2007, when she had a doctor's appointment due to ongoing health problems. (Def. Mem. Supp. Mot. Summ. J. 2, ECF No. 101-1.) Soon thereafter, on August 3, 2007, Casey was admitted to the hospital and diagnosed with lupus. (Id.) She remained on Family and Medical Leave Act ("FMLA") leave from July 20, 2007, until October 1, 2007, when she returned to work with certain physical restrictions. (Id.) Plastic Omnium accommodated the restrictions imposed by her various doctors. (Id.)

On February 1, 2008, Casey was informed by Plastic Omnium's human resources manager, Karen Beasley ("Beasley"), that her department was changing from a 40-hour work week to a 50-hour work week consisting of five 10-hour days. (Am. Compl. 2, ECF No. 21.) In response to the change in work schedule, Dr. Muthamma Machimada, Casey's rheumatologist, provided a note limiting her to only eight-hour shifts. (Def. Mot. Summ. J. Ex. A (Pl. Dep. 54-55), ECF No. 101-2.) Plastic Omnium accommodated Casey's restrictions, but in accordance with its FMLA policy, required Casey to use vacation hours in place of her missed time. (Def. Mem. Supp. Mot. Summ. J. 2-3, ECF No. 101-1.)

Five days later, on February 6, 2008, Casey requested that Beasley move her into a department that only worked 40 hours per week. (Id. at 3.) Beasley honored Casey's request, and according to Plastic Omnium's records, Casey was placed in the service department less than

three weeks later. (Id.) When Casey transferred into the service department, she was supervised by Rick Wallace ("Wallace"), until Wallace left the company on August 16, 2008. (Id. at 4.) Casey continued working in the service department for the duration of her employment with Plastic Omnium. (Id.)

On May 7, 2008, Casey missed a portion of the workday because of her illness. (Def. Mem. Supp. Mot. Summ. J. 4, ECF No. 101-1.) The following day, Dr. Jack Cole, Casey's internist, ordered that she remain out of work through at least May 15, 2008, until she was reevaluated by her rheumatologist and neurologist. (Def. Mot. Summ. J. Ex. A (Pl. Dep. 62), ECF No. 101-2.) Plastic Omnium allowed Casey to take leave for those dates. (Def. Mem. Supp. Mot. Summ. J. 4, ECF No. 101-1.)

After returning to work following her ordered leave, Casey alleges that she was later discharged by Plastic Omnium on August 4, 2008, because the service department was moving to 10-hour shifts. (Am. Compl. 4, ECF No. 21.) Plastic Omnium has no record of Casey being discharged at that time. (Def. Mem. Supp. Mot. Summ. J. 4, ECF No. 101-1.) Plastic Omnium's payroll records indicate that Casey only worked three hours the week of August 4, 2008 to August 10, 2008. (Id. at 4-5.) Casey worked 32.5 hours the following week. (Id. at 5.) Plastic Omnium denies that Casey was discharged in August 2008, and Casey suffered no break in service or benefits during August 2008. (Id.)

Casey's employment, however, was terminated in December 2008. (Am. Compl. 4, ECF No. 21.) She alleges that Beasley informed her that she was being discharged because of her poor attendance. (Id.) Plastic Omnium argues that Casey's dismissal was part of an overall reduction in force, due to a change in work schedule by one of its largest customers, BMW

3

Manufacturing Company ("BMW"), and also a decision by Plastic Omnium to transfer a large portion of its service department work to its Norcross, Georgia facility. (Def. Mem. Supp. Mot. Summ. J. 5-6, ECF No. 101-1.) Pursuant to the reduction in force, Plastic Omnium discharged 16 full-time employees and 34 temporary employees between December 17 and 20, 2008. (Id. at 6.) According to Plastic Omnium, because it terminated employees in its production department as well, it needed to retain employees that were skilled and trained in multiple positions, including logistics, production, and service. (Id.) When she was terminated, Casey still had 24 hours of accrued vacation leave. (Id. at 7.) Plastic Omnium compensated Casey for her accrued vacation leave and also made nine separate payments in the total amount of $5,868.00 as part of a severance agreement, which Casey received and retained. (Id.)

Thereafter, Casey filed a charge of discrimination on February 13, 2009, alleging discrimination based on her race and her alleged disability. (Def. Mot. Summ. J. Ex. A (Pl. Dep. 57), ECF No. 101-2.) There are three allegedly discriminatory acts included in Casey's charge: 1) requiring her to use vacation time concurrently with FMLA leave in February 2008; 2) the August 2008 termination; and 3) the December 2008 termination. (Id.) Casey made additional allegations in her amended complaint, alleging that Plastic Omnium failed to promote her in 2007 and that Wallace mistreated her when he was her supervisor in the service department. (Am. Compl. 2-3, ECF No. 21.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

### B. Objections to the Amended Report and Recommendation

Casey filed objections to the Amended Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Casey's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims. However, Casey submits one specific objection to the Report and Recommendation. Casey alleges that the magistrate judge erred in concluding her December 2008 termination was not disability discrimination, because she was cross-trained in welding to the same extent as three of the retained employees. (Casey Objection 7-8, ECF No. 140.)

When Casey's employment was terminated in December 2008, along with several other employees of Plastic Omnium, the service department was reduced from thirteen to eight employees. (Def. Mem. Supp. Mot. Summ. J. 6, ECF No. 101-1.) Casey's particular shift in the service department, the first shift, only retained four employees. (Id. at 24.) The four employees retained by Plastic Omnium were selected based upon their skill sets and adaptability to multiple positions in the logistics, production, and service departments. (Id.) All four employees either served as a team leader, were experienced in operating forklifts, or had extensive training in welding. (Id.) Casey contends that she was equally trained in welding as those employees retained. (Casey Objection 7-8, ECF No. 140.)

To establish a case of disability discrimination in a reduction in force case, Casey must show:

> (1) [s]he was an individual with a disability; (2) [s]he was selected from a larger group of candidates; (3) [s]he was performing at a level substantially equivalent to the lowest level of that in the group retained; and (4) the selection process produced a residual work force that contained some unprotected persons who were performing at a level lower than that at which the plaintiff was performing.

Eckhardt v. Bank of America, N.A., No 3:06cv512, 2008 WL 5100843, at *14 (W.D.N.C. Nov. 26, 2008) (unpublished) (citing Corti v. Storage Tech. Corp., 304 F.3d 336, 340 n.6 (4th

6

Cir. 2002); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315 (4th Cir. 1993); 42 U.S.C. § 12112(a)).  Casey alleges that at one point the company was "doing a time study [and] we had to rotate every so many hours[,] [and] welding was part of it."  (Casey Objection 8, ECF No. 140.)  However, this does not demonstrate that Casey was performing at a level substantially equivalent to the lowest level in the group retained, or that the selection process produced a residual work force that included an unprotected person that was performing at a comparably lower level.  When asked if she knew whether those employees retained were more or less qualified than her, she responded, "No.  Because I don't know who was left or who was laid off.  So I wouldn't have no idea."  (Def. Mot. Summ. J. Ex. A (Pl. Dep. 149), ECF No. 101-2.)  Three out of the four employees retained by Plastic Omnium in the first shift of the service department had extensive welding experience, two of which could operate a forklift as well.  (Id. Ex. D (Hunter Aff. ¶¶ 10-13), ECF No. 101-5.)  The fourth employee retained served as the team leader of the service department, and could also operate a forklift.  (Id. Ex. D (Hunter Aff. ¶ 9), ECF No. 101-5.)  Casey never served as a team leader in the service department, and was not trained to operate a forklift.  (Id. Ex. A (Pl. Dep. 29), ECF No. 101-5.)  Thus, Casey is unable to prove that she was as skilled or was performing at a higher level than the retained employees.

   Further, Plastic Omnium has articulated a legitimate, nondiscriminatory basis for terminating her.  Plastic Omnium argues that Casey's termination was a result of an overall reduction in force caused by decreased output requirements, which required it to retain only employees cross-trained in several different departments.  (Def. Mem. Supp. Mot. Summ. J. 23-24, ECF No. 101-1.)  Casey fails to demonstrate that Plastic Omnium's proffered reasons for

7

termination were a mere pretext for unlawful discrimination.  See <u>Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc.</u>, 53 F.3d 55, 58 (4th Cir. 1995) (holding that the burden-shifting framework requiring the claimant to demonstrate that the employer's nondiscriminatory reasons for termination were in fact pretext, established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973), applies to a claim brought under the ADA).  Based on the foregoing, Casey cannot establish a prima facie case of disability discrimination.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

Therefore, it is

**ORDERED** that Plastic Omnium's motion for summary judgment, docket number 101, is granted.  It is further

**ORDERED** that Casey's motion for extension of time to file additional objections to the Report and Recommendation, docket number 143, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 30, 2013

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.